Wachtler, J.
(dissenting). I would dissent and affirm the order of the Appellate Division.
The rotational towing service list established by section 17-26.1 does not in any manner prohibit appellants from carrying on their towing business within the city. Moreover, nothing in the ordinance prohibits appellants from being present at an accident scene and soliciting business as long as they remain 100 feet away until the police have had an opportunity to investigate the incident. The ordinance simply establishes a geographical boundary as an eligibility prerequisite to appear on an emergency service list. That boundary is certainly reasonably related to time and distance factors. Additionally, the ordinance was designed to prevent traffic congestion at accident scenes by avoiding the presence of unnecessarily numerous towing operators.
Thus the ordinance serves various legitimate public safety functions without prohibiting or restricting nonresidents from conducting business within the municipality. *736 Section 80 of the General Municipal Law was never intended to prohibit an ordinance which fulfills this type of limited and obviously useful purpose.
Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur; Judge Wachtler dissents and votes to affirm in a memorandum in which Chief Judge Cooke concurs.
Order reversed, with costs, and case remitted to Supreme Court, Oneida County, for entry of judgment in accordance with the memorandum herein.